210 A.2d 322.

THOMAS RHODES, JR. *vs.* FAMILY COURT OF R. I.

MAY 25, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review an interlocutory decree of the family court awarding the respondent wife in the divorce case of Thomas E. Rhodes, Jr. v. Esther L. Rhodes, FC-769A-P, a temporary allowance of $45 per week for the support of herself and a minor child. The petition prayed for a stay of the decree pending a hearing on the merits of the petition. On the representations therein we issued the writ with an order of stay subject to the respondent wife's right to show cause why it should be dissolved. In compliance therewith the clerk of the family court has made due return of all that court's records and papers in the divorce proceeding.

It appears from the return that after a hearing on respondent wife's motion for temporary allowance and custody of the minor child on June 21, 1963 the family court entered its decree therefor on July 1, 1963. It provided that the first payment was to be made on June 24, 1963 at the rate of $25 per week directly by petitioner and the balance of $20 per week was to be taken from a fund of $1,600 which petitioner testified he had on deposit in the bank and which he was ordered to pay into the registry of the court. Although petitioner represented in his sworn petition for certiorari filed June 26, 1963 that the $1,600 was on deposit in such registry and prayed for a stay of the order deducting $20 weekly therefrom, it appears that he never deposited the $1,600 in the registry. Consequently on the motion of respondent wife we dissolved the stay. Thereafter on her motion therefor the records were temporarily remanded to the family court for further proceedings against petitioner for failure to comply with its order. As a result of such proceedings that court ordered a writ of body execution, which we stayed subject to the right of respondent wife to show cause why such stay should be dissolved. On January 11, 1965 on her motion we vacated the stay unless petitioner pending hearing of his petition

for certiorari on the merits paid respondent $25 per week regularly in accordance with that portion of the family court order.

After examining the records of the proceedings before the family court and considering the petitioner's testimony there with reference to the bank deposit of $1,600 and his representation in his petition that it was in the registry of the family court, we have concluded that there is no valid ground for a review of the interlocutory decree by certiorari.

The petition for certiorari is denied and dismissed, the writ heretofore improvidently issued on the misrepresentations of the petitioner is quashed, and the records and papers certified to this court are ordered returned to the family court with our decision endorsed thereon.

*Anthony J. Bucci,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for Esther L. Rhodes.